Catherine M. Young (Wyo. Bar # 7-6089)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, Wyoming 82003
Telephone: (307) 634-3210
Facsimile: (307) 778-7118
catherine@davisandcannon.com

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SECCO SQUARED, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TORT EXPERTS LLC, <br><br> Defendant. | Civil No. _____ |

### COMPLAINT

Plaintiff Secco Squared, LLC files this complaint against defendant Tort Experts LLC and alleges as follows:

### INTRODUCTION

1. Tort Experts failed to pay Secco $363,460.00 for services Secco provided to Tort Experts pursuant to a binding written contract called the Master Services Agreement ("MSA") attached hereto as **Exhibit A**. Tort Experts' failure to pay for the services is a material breach of contract, thereby entitling Secco to recover $363,460.00, interest, and attorneys' fees.

## PARTIES

2. Plaintiff Secco Squared, LLC is a limited liability company organized and existing under the law of Delaware, and maintains its principal place of business and headquarters in New York.

3. Defendant Tort Experts LLC is a limited liability company organized and existing under the laws of Wyoming, maintaining its headquarters and principal place of business at 30 N. Gould Street, Suite 23501, Sheridan, Wyoming 82801.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C § 1332 because complete diversity exists between Secco and Tort Experts, and because the amount in controversy exceeds $75,000, exclusive of interests and costs, given that Secco seeks $363,400.00 plus interest and attorneys' fees.

5. As to diversity, Secco is a New York citizen for diversity jurisdiction purposes, while defendant is not a New York citizen.

   a. Secco Squared, LLC is a limited liability company, and all of its members are New York citizens. Therefore, Secco Squared, LLC is a New York citizen for diversity jurisdiction purposes.

   b. Tort Experts, based on the information available to Secco at this time, is a Wyoming limited liability company and its members are located outside the states of Wyoming and New York, and indeed likely outside of the United States. No known members are located in New York.

   c. Thus, Secco and Tort Experts are citizens of different states or of different countries, thereby establishing complete diversity of citizenship.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Tort Experts resides in this judicial district in that its headquarters are located here.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim arise out of a contract in this judicial district, as Tort Experts is headquartered here. Additionally, the parties agreed in the MSA that any dispute against Tort Experts "shall be commenced and maintained in the appropriate federal or state court within the county of defendant's headquarters." (Ex. A, § 15(a)).

**FACTS**

8. Secco and Tort Experts entered into the MSA on July 25, 2022.

9. The MSA is a valid, binding, and legally enforceable legal contract supported by good and valuable consideration in the form of the exchange of promises to provide advertising services (which Secco did provide) other things, and monetary payment by Tort Experts.

10. Pursuant to the MSA, Secco provided advertising services to Tort Experts and invoiced Tort Experts for those services, and Tort Experts paid the invoices for those services except for the two at issue in this lawsuit described in the next paragraph.

11. On March 6, 2023, and March 13, 2023, Secco invoiced Tort Experts for advertising services Secco provided to Tort Experts under the MSA as follows:

    a. Invoice No. 23775 dated March 6, 2023, in the amount of $187,060.00.

    b. Invoice No. 23813 dated March 13, 2023, in the amount of $176,400.00.

12. The total amount stated in the invoices set forth in the preceding paragraph is $363,460.00. Payment for each invoice was due seven days after Secco issued each invoice.

13. Tort Experts failed to pay $363,460.00.

14. On March 21, 2023, Secco's counsel sent Tort Experts a demand for payment,

setting forth the amounts due under the invoices and requesting that Tort Experts pay all outstanding amounts.

15. On March 27, 2023, Secco's counsel received a response to the demand letter from counsel for Tort Experts explaining that payment was paused due to Tort Experts' alleged "discovery that [Secco] [was] using incredibly non-compliant email creatives, which had not been provided or approved" by Tort Experts. Tort Experts' counsel claimed that the "non-compliant creatives which Secco used have caused huge problems for our client and for their law firm clients."

16. The same day, Secco's counsel demanded additional information related to Tort Experts' allegations by March 31, 2023. As of today, Tort Experts' counsel failed to provide any response much less information substantiating any of the allegations in counsel's correspondence. In all events, Secco denies all of the allegations in Tort Experts' correspondence.

17. Tort Experts lacks any ground to withhold payment under the MSA. Nothing in the MSA permits Tort Experts to withhold payment for unsubstantiated allegations of wrongdoing.

18. Secco performed all of its obligations under the MSA.

19. All conditions precedent to the maintenance of this action have been fulfilled.

**COUNT I (BREACH OF CONTRACT)**

20. Secco realleges and incorporates herein the allegations set forth above.

21. The MSA is a binding contract under which Tort Experts contracted to pay Secco for services Secco provided.

22. Secco provided to Tort Experts advertising services under the MSA and invoiced Tort Experts for those services.

23. Tort Experts failed to pay Secco $363,460.00 for services that Secco provided

under the MSA, thereby breaching the MSA.  A total of $363,460.00 remains due and owing.

24. As a direct result of Tort Experts' failure to pay under the MSA, Secco suffered damages in an amount not less than $363,460.00.

25. WHEREFORE, Secco requests that judgment be entered in its favor against Tort Experts for breach of contract as follows:

- a) That Secco be awarded damages in an amount to be proven at trial but not less than $363,460.00;
- b) That Secco be awarded its attorneys' fees pursuant to Section 15(b) of the MSA;
- c) That Secco be awarded pre-judgment and post-judgment interest at the statutory rate;
- d) That Secco be awarded its costs of suit; and
- e) That Secco be awarded such further relief as this Court may deem just and proper.

## COUNT II (UNJUST ENRICHMENT)

26. Secco realleges and incorporates herein the allegations set forth above.

27. Secco pleads this claim for unjust enrichment in the alternative to its breach of contract claim for the breach of the MSA.

28. Secco provided advertising services to Tort Experts.  To do so, Secco incurred costs, including payments to third parties, to deliver the advertising services to Tort Experts.

29. Tort Experts benefitted from the advertising services that Secco delivered or caused to be delivered.  Among other things, and subject to confirmation through discovery, Tort Experts received money from third parties resulting from the advertising services Secco provided.

30. Equity and good conscience warrant against permitting Tort Experts to retain the benefits it received that resulted from the advertising services Secco provided without compensating Secco. Otherwise, Tort Experts would be permitted to retain the benefits of the services without having to pay or do anything else to obtain or monetize them.

31. The amount of the benefits that Tort Experts retained from the advertising services is currently unknown. However, the amount of the benefit is at least the amount that Secco invoiced for the services Secco provided under the MSA, but which Tort Experts failed to pay, namely, $363,460.00.

32. WHEREFORE, Secco requests that judgment be entered in its favor against Tort Experts for unjust enrichment as follows:

a) That Secco be awarded damages in an amount to be proven at trial but not less than $363,460.00;

b) That Secco be awarded pre-judgment and post-judgment interest at the statutory rate;

c) That Secco be awarded its costs of suit; and

d) That Secco be awarded such further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Secco demands trial by jury of all issues triable of right by a jury as to all causes of action alleged herein.

Dated this 11th day of April, 2023.

*/s/ Catherine M. Young*
Catherine M. Young (Wyo. Bar # 7-6089)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, Wyoming 82003
Telephone: (307) 634-3210
Facsimile: (307) 778-7118
*catherine@davisandcannon.com*

*Counsel for Plaintiff*
*Secco Squared, LLC*